

January 30, 2020

United States Court of Appeals
Office of the Clerk
600 Maestri Place
New Orleans, Louisiana 70130

Re:   19-60588        *Matthew Huskey v. Marhsall Fisher, et al.*
                       USDC No. 1:17-CV-140

Dear Members of the Court:

This letter brief is being submitted on behalf of the Defendants-Appellees, Mary Jones, Derrick Munford, Garriet Griffin, Donovan Clark, and Tommie Hearon ("Defendants")[1] in response to the Plaintiff-Appellant's brief filed by Matthew Huskey ("Huskey").

## *Factual Background and Procedural History*

Plaintiff is a convicted inmate in the custody of the Mississippi Department of Corrections ("MDOC") and at all times relevant to his suit was housed at the Mississippi State Penitentiary ("MSP") at Parchman, Mississippi. At the time Plaintiff filed his Complaint, however, Plaintiff was an inmate at the Central Mississippi Correctional Facility ("CMCF") in Pearl, Mississippi.  ROA.17.

---

1 Defendants do not request oral argument in this case, as the questions presented do not involve any novel or challenging legal or factual issues.

Plaintiff is currently incarcerated at the Wilkinson County Correctional Facility ("WCCF") at Woodville, Mississippi. ROA.181.

Plaintiff originally had a multitude of claims against various Defendants. However, based on the pleadings on file and the testimony provided by Plaintiff at a January 8, 2018, *Spears*[2] hearing, the district court entered a Report and Recommendation which narrowed the claims to those relating to alleged excessive force, and an inadequate medical care claim against Mary Jones. ROA.185-197, adopted at ROA.211-212. The alleged events giving rise to these remaining claims occurred on September 8, 2016. ROA.185-197.

Plaintiff made allegations in his Complaint relating to his efforts to exhaust administrative remedies prior to filing his lawsuit. ROA.24-26. On September 12, 2016, Huskey filed a cluster of three (3) separate ARPs – one relating to excessive use of force, one relating to the denial of medical care by Jones, and one relating to failure to get medical care by an Ofc. Hope. ROA.24. Plaintiff alleged that each of the ARPs was rejected by the ARP department. ROA.24. Plaintiff attached the referenced ARPs and each respective rejection to his Complaint. ROA.44-50. Plaintiff's allegations were in accord with the documentation provided to the court in support of Defendants' motion for summary judgment. See, ARP MSP-16-1859 at ROA.464-472; ARP MSP-16-1860 at ROA.473-476; ARP MSP-16-1861 at ROA.477-480; Affidavit of R. Pennington regarding amendment/appeal of ARP MSP-16-1859 at ROA.481-483; and Affidavit of R. Pennington regarding amendment/appeal of all three ARPs at ROA.484-486. Notably, Plaintiff also attached ARP MSP-16-2157 in which he complained to the Warden of sexual harassment and the use of illegal cameras. ROA.55-57. In that ARP Plaintiff requested that the Warden have someone meet with him to discuss the matter and to have a shakedown conducted. ROA.55. This grievance was accepted, Warden Morris responded, Huskey was not satisfied with the response and moved on to the second step, the Superintendent responded, and Huskey received certification that he had fulfilled the requirements of the administrative remedy program. ROA.55-57.

The allegations in Plaintiff's Complaint, and the record evidence in the matter, make it clear that Plaintiff failed to properly enter the ARP process or exhaust his available administrative remedies relating to his excessive force and inadequate medical care claims prior to bringing suit in this matter as required by the PLRA and as outlined in the MDOC Inmate Handbook. And, on February 27, 2019, Defendants

---

2 *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985)

filed a motion for summary judgment based on Plaintiff's failure to exhaust his claims as required by the PLRA before filing suit. ROA.458-486; ROA.487-506. Defendants also argued they were not liable for monetary damages in their official capacities due to sovereign immunity. ROA.458-486; ROA.487-506. And, Mary Jones argued she was entitled to qualified immunity as to Huskey's inadequate medical care claim. ROA.458-486; ROA.487-506. Finally, Defendants argued that to the extent Huskey was to make a state law claim regarding the excessive force allegations, such claims were barred by the inmate exception of the Mississippi Tort Claims Act. ROA.458-486; ROA.487-506. Huskey responded to the Motion. ROA.513-553.

On April 4, 2019, the district court entered a Memorandum Opinion and Order granting Defendants' motion. ROA.554-561. The district court entered a Final Judgment the same day. ROA.562. On April 27, 2019, Plaintiff filed a Motion to Alter or Amend the Judgment and Defendants responded. ROA.564-589; ROA.601-605. That motion was denied by the Court on July 15, 2019. ROA.606-609. Huskey timely filed his Notice of Appeal on August 2, 2019. ROA.616-617.

### *Standard of Review*

The Court reviews a grant of summary judgment *de novo*, applying the same standard as the district court. *Rogers v. Bromac Title Servs., L.L.C*., 755 F.3d 347, 350 (5th Cir. 2014).

"Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The Court construes "all facts and inferences in the light most favorable to the nonmoving party," *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (citation omitted); but, "[s]ummary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012). The Court may affirm a grant of summary judgment on any grounds supported by the record and presented to the district court. *Cuadra v. Hous. Indep. Sch. Dist*., 626 F.3d 808, 812 (5th Cir. 2010) (citation and quotation marks omitted).

*Argument*

In his brief Huskey argues the district court erred in granting summary judgment, erred in taking judicial notice of the MDOC online inmate handbook, abused its discretion in deciding he did not exhaust his available administrative remedies, and improperly denied his motion to alter or amend. *Pl. Brief* at 4.

The core issue in this appeal is whether Huskey properly exhausted his administrative remedies regarding his excessive force and inadequate medical care claims before filing his lawsuit. Huskey does not launch a wholesale attack on the two-part grievance process that MDOC has in place. Instead, Huskey argues that when Richard Pennington, the Director of the ARP program, rejected his grievances stating that they were beyond the power of ARP to grant, Huskey's remedies were made unavailable. *Pl. Brief* at 8. This argument is based on there being differences between the grievance section of the inmate handbook and the grievance procedures policy he requested from the inmate legal assistance program. ROA.572.

"An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones." *Ross v. Blake*, 136 S.Ct. 1850, 1858 (2016). In *Ross*, the Supreme Court described three instances in which an administrative procedure may be considered unavailable for purposes of the PLRA's exhaustion requirement: "[A]n administrative remedy may be unavailable where (1) prison officials are unable or consistently unwilling to provide any relief to aggrieved inmates, (2) the administrative scheme is so opaque that it becomes, practically speaking, incapable of use by an ordinary prisoner, or (3) prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Hinton v. Martin*, 742 F. App'x. 14, 15 (5th Cir. 2018) (quoting *Blake*, at 1859-60) (internal quotation marks omitted). This might arise when the program "lacks authority to provide *any* relief." *Id*. (emphasis added). However, a remedy will be considered available when there is "the possibility of some relief." *Id*. The *Ross* Court also reiterated that exhaustion is mandatory and that a court may not excuse a failure to exhaust, "even to take 'special circumstances' into account." 136 S.Ct. 1850, 1856-57 (2016). Judicial discretion is foreclosed. *Id*. "Time and again, this Court has rejected every attempt to deviate from the PLRA's textual mandate." *Id*. (citations omitted).

Under the first exception, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." 136 S.Ct. 1850, 1859 (citing *Booth v. Churner*, 532 U.S. at 736).

Here, in all three grievances Plaintiff requested that the subject staff member be punished. ROA.467; ROA.470; ROA.476. The district court was correct in determining that there was no allegation or evidence that the Legal Claims Adjudicator (who leads the Administrative Remedy Program) had the power to punish staff under any circumstances and that ARP program did not have the power to punish staff as Huskey had requested. ROA.560-561. Thus, the ARP was properly rejected and Huskey attempted to appeal the denials instead of filing an altogether new or corrected grievance. ROA.560-561. In other words, Huskey could have simply refiled his grievance and asked for an alternative form of relief, *e.g.* being moved to a different housing unit, or as he did in his successful grievance, arranging a meeting with a Warden - but he did not do so. As such, Huskey did not meet a "dead end" when his initial grievance was rejected by the ARP Department.

Under the second exception, "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use." Ultimately, this is a question of whether "no ordinary prisoner can discern or navigate [the grievance system]." *Ross*, 136 S. Ct. at 1859. Huskey essentially argues that since the policy regarding grievances varies from the inmate handbook this necessarily creates confusion and makes the process unavailable. As mentioned above, however, Huskey successfully navigated to completion a grievance regarding sexual harassment and the use of illegal cameras. ROA.55-57. Moreover, even in the policy Huskey claims he relied on, it is apparent that inmates have the opportunity to ask questions and receive oral answers regarding use of the grievance system. ROA.528. As the district court pointed out in its order denying Huskey's motion to reconsider, "once his grievances were rejected for that reason, the plaintiff was on at least inquiry notice that the Administrative Remedy Program was using a procedure different from the one set forth in the SOPs." ROA.609. The court went on to point out that it "has seen innumerable grievance forms with the same or similar language over the years. It appears that the plaintiff did not investigate the matter; he did not amend his grievance to seek an appropriate remedy, and the time to seek relief regarding the allegations expired." ROA.609. While Huskey may contend he was confused about how to cure the rejected grievances, "[w]hen an administrative process is susceptible of multiple reasonable interpretations, Congress has determined that the inmate should err on the side of exhaustion." *Ross*, 136 S. Ct. at 1859.

Under the third exception, remedies are unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross*, 136 S. Ct. at 1860. This can include "staff mis[leading] the inmate as to the existence or rules of the grievance process," prison officials using "threats or other intimidation" to prevent the prisoner

from entering the process, or misleading a prisoner "into thinking that ... he had done all he needed to initiate the grievance process." *Id*. at 1860, n. 4 (internal citations omitted).  Huskey has not alleged or argued that he was prevented from using the grievance process as the result of "machination, misrepresentation, or intimidation." And, it is clear that Huskey was explicitly informed by the ARP Department that his grievance had been rejected and he had not properly initiated the grievance process as to his excessive force and inadequate medical care claims. Moreover, to the extent Huskey may claim he was misled by the inmate legal assistance program, he was clearly provided a copy of Chapter 8 of the inmate handbook and was informed he could ask his case manager for a copy of the handbook.   ROA.572.

### *Conclusion*

The district court was correct in determining that Huskey did not exhaust his administrative remedies before filing his suit, and this Court should affirm the district court's judgment in this matter.

    Sincerely,

    */s/ J. Chadwick Williams*

    J. CHADWICK WILLIAMS (MSB 102158)
    Special Assistant Attorney General
    Office of the Mississippi Attorney General
    Post Office Box 220
    Jackson, Mississippi 39205
    Email: cwill@ago.ms.gov
    Telephone: (601) 359-3680

    *Counsel for Mary Jones, Derrick Munford, Garriet Griffin, Donovan Clark, and Tommie Hearon*

# **CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the ECF system, and that I have this day caused to be mailed, via United States Postal Service, first class postage prepaid, a true and correct copy of the foregoing document in the above-styled and numbered cause to the following non-ECF participant:

>Mr. Matthew Huskey
>Wilkinson County Correctional Center
>P.O. Box 1889
>Woodville, MS 39669-1889

This, the 30th day of January, 2020.

>*/s/ J. Chadwick Williams*
>J. Chadwick Williams (MSB 102158)

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

A. **Parties**:

    Plaintiff-Appellant: Matthew Huskey

    Defendants-Appellees: Mary Jones, Derrick Munford, Garriet Griffin, Donovan Clark, and Tommie Hearon

B. **Attorneys**:

    For Defendants-Appellees:    J. Chadwick Williams
    Office of the Miss. Attorney General
    Post Office Box 220
    Jackson, Mississippi 39205
    Telephone: (601) 359-3680
    Facsimile: (601) 359-2003

Respectfully submitted,

*/s/ J. Chadwick Williams*
J. Chadwick Williams (MSB 102158)

# CERTIFICATE OF COMPLIANCE

Pursuant to Fifth Circuit Rules 32.2 and 32.3, the undersigned certifies that the Letter Brief of Defendants-Appellees complies with the type-volume limitations of Federal Rule of Appellate Procedure 32(a)(7).

1. This brief complies with type-volume limitations of Fed. R. App. 32(a)(7)(B) because, exclusive of exempt portions, it contains 1,951 words.

2. This letter brief has been prepared with Microsoft Word, in 14 pt. font, Times New Roman typeface.

3. The undersigned understands misrepresentations in completing this certificate, or circumvention of the type-volume limits in Federal Rule of Appellate Procedure 32(a)(7) may result in the Court's striking the brief and imposing sanctions against me.

*/s/ J. Chadwick Williams*
J. Chadwick Williams (MSB 102158)